UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

v.                            CASE NO. 8:24-cv-1980-TPB-SPF

JOHN DOE subscriber assigned IP address
72.185.0.252, an individual,

      Defendant.
_____/

## ORDER

In this direct copyright infringement case, Plaintiff Strike 3 Holdings, LLC alleges John Doe, an unnamed defendant, unlawfully reproduced and distributed Strike 3's copyrighted adult films (Doc. 1). Strike 3 moves for leave to serve a third-party subpoena on Doe's Internet Service Provider, Spectrum, to learn Doe's true identity prior to a Rule 26(f) conference (Doc. 8).

Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. Fed. R. Civ. P. 26(f)(1). Typically, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), unless authorized by court order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for the convenience of the parties or witnesses and in the interests of justice. Fed. R. Civ. P. 26(d)(2). "Courts who have dealt with [motions for early discovery] generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu Image, Inc. v. Does 1-3, 932*, No. 11-cv-545-FtM-29SPC, 2012 WL 1623862, at * 2 (M.D. Fla. May 9, 2012) (citation and quotations omitted); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008). "In cases involving

infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citation omitted).

Here, Strike 3 has shown good cause for expedited discovery. First, it alleges a concrete prima facie case of infringement. The Complaint states that Strike 3 holds copyrights for 37 adult films that Doe, using the BitTorrent protocol, has copied and distributed without permission or authority (Doc. 1-2). A forensic investigation reasonably confirms that Doe's IP address was being used on the BitTorrent peer-to-peer network to reproduce and distribute Plaintiff's copyrighted work (Doc. 8-2). Second, Strike 3 has clearly identified the specific information it seeks through early discovery: Doe's name and address (Doc. 8 at 9). Plaintiff needs this information to effect service of process on him in this case (*Id*.). Finally, Strike 3 has shown it has no way to obtain Doe's identity using just his IP address, other than to seek Doe's identity from Spectrum, Doe's ISP (*Id*. at 9–11). In similar situations, other courts have concluded there is good cause for limited, early discovery. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 WL 12856086, at *1–2 (M.D. Fla. Nov. 6, 2015) (granting early discovery under nearly identical circumstances); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2648(VEC), 2019 WL 78987, at *3-4 (S.D.N.Y. Jan. 2, 2019) (denying defendant's motion to quash third party subpoena that plaintiff served on defendant's ISP to obtain defendant's name and address).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 8) is **GRANTED**.

2. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena to determine the name and address of the person to whom Spectrum assigned the IP address 72.185.0.252 (*see* Doc. 8-4).  Plaintiff may also serve a Rule 45 subpoena on any other ISP that the response to the initial subpoena may identify.

3. Plaintiff shall attach a copy of the Complaint and exhibits (Doc. 1) and this Order to any subpoena.

4. Any ISP that receives a subpoena under this Order shall not assess any charge to Plaintiff in advance of providing the information requested; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena under this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Plaintiff may use information disclosed to it in response to a subpoena solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7. Once Plaintiff discovers Defendant's identity, and at least 14 days before asking the Clerk to issue a summons for the identified Defendant, Plaintiff must notify the Defendant (or counsel, if represented) of Plaintiff's intent to name and serve the Defendant.

**ORDERED** in Tampa, Florida on September 13, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE